UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CATHERINE KIDD,

        Plaintiff,

v.                                   Civil Action No. 3:09CV264

WAL-MART STORES, INC., et al.,

        Defendants.

## MEMORANDUM OPINION

Before the Court is Plaintiff Catherine Kidd's Motion in Limine to Exclude Testimony on the Part of Defendants' Experts. (Docket No. 38). On November 5, 2009, Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), responded to Kidd's Motion. (Docket No. 57). Kidd raised additional issues during a November 6, 2009 hearing. On November 9, 2009, Wal-Mart filed a Supplemental Memorandum in Opposition to Plaintiff's Motion in Limine to Exclude Testimony on the Part of Defendants' Experts ("Wal-Mart's Supp'l Opp'n"). (Docket. No. 66). After additional argument on November 10, 2009, the matter is ripe for disposition.

For the reasons that follow, the Court will GRANT Kidd's Motion in Limine to Exclude Testimony on the Part of Defendants' Experts. (Docket No. 38).

## I. Factual Background

Kidd alleges that on June 24, 2007, she was injured when a Wal-Mart employee negligently operated a commercial car lift at the tire and lube department of Wal-Mart Supercenter #1486. (Notice of Removal Ex. A., Compl. Count 1, ¶ 3 ("Compl.").)[1] Kidd alleges that the commercial car

---

[1] Kidd's Complaint consists of two Counts, each of which contain numbered paragraphs 2 through 4. Therefore, the Court cites both the Count and the numbered paragraph in which the information appears.

lift descended on her foot, resulting in "severe and permanent injuries" and causing her to suffer, and to "continue to suffer in the future great pain of body and mind . . . [and] future large expenses for medical, hospital and doctors' bills in an effort to be cured of her injuries and be relieved of her pain and suffering." (Compl. Count 2, ¶¶ 3-4.) Kidd further alleges that Wal-Mart "negligently caused, permitted and allowed to exist certain dangerous, hazardous and unsafe conditions . . . and negligently failed to warn the plaintiff of the dangerous, hazardous and unsafe conditions" in the Wal-Mart. (Compl. Count1, ¶ 4, Count 2, ¶ 3.) She seeks $3,000,000.00 in damages.

## II.  Challenged Testimony

Wal-Mart designates Dr. Mark Ross as "an expert in physical medicine and rehabilitation." (Wal-Mart Supp'l Opp'n 1.) Dr. Ross initially opined that Ms. Kidd did not evince objective signs or symptoms of Reflex Sympathetic Dystrophy ("RSD"). (Wal-Mart Supp'l Opp'n 2.) He later opined as to six potential causes for her pain, including symptom magnification and somatoform disorder. (Wal-Mart Supp'l Opp'n 2.) Symptom magnification encompasses malingering and secondary gain. (Wal-Mart Supp'l Opp'n 4.) Wal-Mart designates Dr. Leon Ensalada as an "expert in the field of pain management." (Wal-Mart Supp'l Opp'n 2.) Dr. Ensalada proffers only a brief mention of Kidd's "propensity for somatization." (Wal-Mart Supp'l Opp'n 2.)

### III.  Plaintiff Catherine Kidd's Motion in Limine
### to Exclude Testimony on the Part of Defendants' Experts

Kidd moves this Court to exclude testimony from Wal-Mart's experts, Drs. Ross and Ensalada, because the testimony each will present constitutes the "type of opinion testimony [that] goes to the truthfulness of the plaintiff and invades the province of the jury." (Pl. Br. in Supp. of Pl. Mot. in Limine to Exclude Testimony on the Part of Defs.' Experts ("Exclude

Experts Mot. in Limine"), at 1.) (Docket No. 39.) Kidd argues that the proposed testimony of the doctors "that the plaintiff is untruthful and is magnifying her symptoms either consciously or unconsciously . . . goes beyond the scope of proper expert testimony and allows the expert to comment on the plaintiff's reliability in the guise of a medical opinion." (Exclude Experts Mot. in Limine 1-2.)

Wal-Mart responds that the doctors' "written reports are clear that they do not intend to opine that the plaintiff is a liar or being untruthful." (Defs.' Mem. in Opp'n to Pl.'s Mot. in Limine to Exclude Testimony on the Part of Defendants' Experts ("Exclude Experts Opp'n"), at 3.) (Docket No. 57.) Rather, Wal-Mart asserts that Dr. Ross's opinion that Kidd might suffer from symptom magnification or somatoform disorder provide "an explanation for the subjective complaints of pain in the left lower extremity." (Exclude Experts Opp'n 3.) In addition, Wal-Mart argues that there exists no indication that Dr. Ensalada intends to testify that Kidd is a liar or untruthful. (Exclude Experts Opp'n 3.) Wal-Mart argues that Dr. Ensalada made reference to somatoform disorder to explain Kidd's subjective feelings of pain because he found no objective evidence to support those symptoms. (Exclude Experts Opp'n 3.)

During oral argument on November 6, Kidd's argument shifted emphasis, suggesting that Drs. Ross and Ensalada did not derive their opinions regarding symptom magnification and somatoform disorder from sufficient principles and methods, and that the record did not sufficiently suggest that the methods and principles had been applied reliably to the facts of this case. *See* Fed. R. Evid. 702. Kidd now seeks the exclusion of the doctors' testimony on this basis as well.[2]

_____

[2] During oral argument on November 6, 2009, counsel for Plaintiff also raised some question as to whether somatoform disorder is a recognized medical condition. The parties

Federal Rule of Evidence 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue," the Court may permit the testimony of an expert witness. Fed. R. Evid. 702. Whether the evidence sufficiently helps the trier of fact to understand evidence or to determine an issue of fact falls within the sound discretion of the trial court. *Scott v. Sears, Roebuck & Co.*, 789 F.2d 1052, 1055 (4th Cir. 1986); *Persinger v. Norfolk & W. Ry.*, 920 F.2d 1185, 1188 (4th Cir. 1990). Proffered expert testimony within the common knowledge of the jurors, "almost by definition, can be of no assistance to a jury," and therefore should be excluded. *United States v. Harris*, 995 F.2d 532, 534 (4th Cir. 1993); *see United States v. Dorsey*, 45 F.3d 809, 814 (4th Cir. 1995); *Chalifa v. Mayor & City Council of Baltimore*, No. 92-1112, 1993 WL 50514, at *3 (4th Cir. Feb. 25, 1993) (refusing to admit expert testimony where the proposed expert "did not possess any 'scientific, technical, or other specialized knowledge' that would have elevated his opinion over [ ] garden variety knowledge, which an average juror reasonably gains from everyday experience").

Where expert testimony seeks to comment on the credibility of a witness, such testimony answers "the very question at the heart of the jury's task." *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 883 (8th Cir. 1998). Thus, an expert may not testify as to a witness's veracity because such testimony "improperly invades the province of the jury to determine the reliability of the witness." *Pritchett v. Commonwealth*, 557 S.E.2d 205, 208 (Va. 2002); *see Jackson v.*

---

thereafter supplemented the record with excerpts from the *Diagnostic and Statistical Manual of Mental Disorder IV* ("*DSM IV*") which define both somatoform disorder and malingering, and referenced the DSM IV during the November 10, 2009 hearing. (*See* Wal-Mart Supp'l Opp'n Ex. A.) Because both parties appear to agree that the *DSM IV* defines somatoform disorder, the Court deems this argument moot and decides the motion on other grounds.

*Commonwealth*, 587 S.E.2d 532, 544 (Va. 2003) ("Expert witnesses may not, however, render an opinion on the defendant's veracity or reliability of a confession because whether a confession is reliable is a matter in the jury's exclusive province."); *see also United States v. Lester*, 254 F. Supp. 2d 602, 608 (E.D. Va. 2003) ("[T]rial courts should be extremely reluctant to allow testimony under Rule 702 as to conclusions that are consistent with the common knowledge of juries."). An expert may, however, "testify to a witness's or defendant's mental disorder and the hypothetical effect of that disorder on a person in the witness's or defendant's situation, so long as the expert does not opine on the truth of the statement at issue." *Pritchett*, 557 S.E.2d at 208.

The record before the Court does not establish whether Dr. Ross, an expert in physical medicine and rehabilitation, or Dr. Ensalada, a pain management specialist, possess sufficient psychological expertise to offer expert testimony as to whether Kidd evinces symptom magnification or somatoform disorder. Even if they possess the requisite expertise, the Court will not permit these doctors to opine as to whether Kidd has such disorders. Such testimony far too easily invades the province of the jury or comments on the credibility of the Plaintiff.

Either doctor may testify as to the medical evidence, or lack of medical evidence, supporting Kidd's physical complaints in this case. They also, upon proper foundation, may testify as to the existence of somatoform disorder as a recognized medical condition.[3] Neither doctor, however, may opine as to whether or not Kidd herself has somatoform disorder because such testimony could comment on Kidd's veracity and such testimony extends beyond the area of

---

[3] While a doctor may testify about experience with patients who overstate symptoms, symptom magnification, or malingering, may not raised as a medical condition in the guise of expert testimony here. Such subject matter is more properly addressed through argument of counsel.

5

expertise identified for these doctors. *See Pritchett*, 557 S.E.2d at 208.  Therefore, Kidd's

motion to exclude the expert testimony described above will be GRANTED.

### IV.  Conclusion

For the foregoing reasons, the Court shall GRANT Kidd's  Motion in Limine to Exclude

Testimony on the Part of Defendants' Experts.  (Docket No. 38.)

An appropriate Order shall issue.

_____ /s/

M. Hannah Lauck
United States Magistrate Judge

Date: November 12, 2009
Richmond, Virginia

6